SO ORDERED.

Dated: February 7, 2018

Daniel P. Collins, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 12 Proceedings |
| | ) | |
| VA BENE TRIST, LLC, | ) | Case No: 2:17-bk-00993-DPC |
| | ) | |
| Debtor. | ) | |
| | ) | **ORDER DENYING DEBTOR'S** |
| | ) | **MOTION TO AMEND OR ALTER** |
| | ) | **UNDER ADVISEMENT RULING** |
| | ) | |
| | ) | [NOT FOR PUBLICATION] |

Before the Court is Va Bene Trist LLC's ("Debtor") *Motion to Alter or Amend Under Advisement Order and Motion For Relief From Judgment* ("Motion for Reconsideration"). The Motion for Reconsideration pertains to this Court's Under Advisement Ruling ("Ruling"), dated October 26, 2017 (DE 47).[1] In that Ruling, the Court set forth its findings of fact and conclusions of law regarding Debtor's statute of limitations defenses to US Bank's ("Bank") claims and the Bank's motion for relief from the stay (DE 33). Those findings will not be recounted here as the parties are familiar with the long history involving the facts, claims, and defenses in this matter.

The Debtor contends this Court erred in ruling that the statute of limitations was tolled during the Debtor's First Bankruptcy[2] and that the Bank should not be entitled to stay relief pursuant to 11 U.S.C. § 362(d). This Court denies the Motion for Reconsideration as it does not satisfy the requirements of Bankruptcy Rules 9023 or 9024. The Debtor has pointed to no new facts and no arguments it could not have previously raised. Moreover, even if the Court were to agree that the Debtor's First

---

[1] DE refers to docket entries in the administrative file concerning this chapter 12 case.

[2] Unless otherwise noted, defined terms in the Ruling shall have the same meaning in this Order.

Bankruptcy did not toll the Arizona statute of limitations, the Bank's private deed of trust sale was held on December 11, 2017, and the amount successfully bid by a 3rd party purchaser at that sale exceeded unbarred amounts then owed on the Note.

## I. ISSUES

    A.    Whether the Debtor's Motion for Reconsideration satisfied the requirements of Rules 9023 or 9024.

    B.    Whether the Court committed clear legal error in its Ruling.

    C.    Whether the Arizona Supreme Court's 1935 case of *Hyder v. Shamy*, 40 P.2d 974 (Ariz. 1935) controls the disposition of this matter.

## II. ANALYSIS

### A. Bankruptcy Rules 9023 and 9024

Debtor contends the Ruling contained errors justifying relief under Bankruptcy Rule 9023 (which incorporates Rule 59 of the Federal Rules of Civil Procedure) or Bankruptcy Rule 9024 (which incorporates Rule 60). Debtor's new counsel asserts that his predecessor's pleadings did not effectively argue how the case at bar differs from the facts in *Mlynarczyk v. Wilmington Sav. Fund Soc'y FSB*, No. CV-15-08235-PCT-SPL, 2016 WL 3524329 (D. Ariz. Apr. 29, 2016) and requests that the Court now reconsider its Ruling.

For relief to be granted under Rule 59, the aggrieved party must demonstrate this Court's Ruling was clearly erroneous. This is a very exacting standard such that "a court should have a clear conviction of error – its decision "must strike [the court] as more than just maybe or probably wrong; it must be dead wrong." *Campion v. Old Republic Home Protection Co.*, 2011 WL1935967, at *1 (S.D.Cal. May 20, 2011). "[M]ere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not

suffice[.]" *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.,* 282 F.R.D. 216, 231 (D. Ariz. 2012) (quoting *Campion,* 2011 WL 1935967, at *1).

The Ninth Circuit has repeatedly cautioned that amendment of judgments should be sparingly used in view of the dual "interests of finality and conservation of judicial resources." *Teamsters Local 617 Pension* at 220 citing *Kona Enterprises Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The moving party, therefore, has a "high hurdle." *See Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir. 2001).

A party may not raise new arguments or present evidence for the first time in its Rule 59 motion when the arguments or evidence could have reasonably been raised earlier in the litigation. In doing so, a party raises the concern that it has abused Rule 59. *Teamsters Local 617 Pension*, 282 F.R.D. at 220 (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) and *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011)).

"It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him . . ." *Teamsters Local 617 Pension*, 282 F.R.D. at 233 (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir. 1995)). However, that is what Debtor is doing here. The Motion for Reconsideration focuses on an Arizona Supreme Court case cited in the *Mlynarczyk* case. The *Hyder* case was, of course, available to the Debtor for discussion at the time of its original pleadings, but Debtor's former counsel chose not to focus on that case. The Debtor also makes additional arguments concerning the *Mlynarczyk* case and its applicability to the case at bar. At oral argument, Debtor's new counsel acknowledged the Motion for Reconsideration supplies no new evidence or law, but rather is a "matter of emphasis."

This Court disagrees with the Debtor's tolling arguments and stated as much in its Ruling. Further, even if the Debtor had cited and discussed *Hyder* at length the first time around, this Court's ultimate conclusions would have been no different. The Debtor's

Motion for Reconsideration supplies no new evidence, cites no change in case law, and fails to identify clear error. Debtor's Motion for Reconsideration fails to satisfy the requirements of Rules 9023 and 9024. This alone supports the Court's denial of Debtor's Motion for Reconsideration.

### B.     The *Mlynarczyk* Case

The Debtor contends that Judge Logan's *Mlynarczyk* opinion is inapposite factually from the case at bar, because here, the Borrower who signed the Note did not actually file this bankruptcy case. However, in the Debtor's First Bankruptcy, Judge Nielsen reformed the Deed of Trust to accurately reflect the Debtor as the trustor. Judge Nielsen's decision was ultimately affirmed by the Ninth Circuit Court of Appeals. In effect, the First Bankruptcy established that the obligation secured by Debtor's Property was, at all relevant times, the Debtor's obligation. The doctrine of res judicata applies to this claim. The Debtor cannot now assert an argument that the Debtor was a signer on the Note, because that is effectively what Judge Nielsen and the Ninth Circuit Court of Appeals concluded. Debtor is barred from re-litigating this claim.

Even if the Note remained the responsibility of the original Borrower (David Menken[3]) and not the Debtor, Judge Logan's interpretation of the Arizona Supreme Court's holding in *In re Smith*, 101 P.3d 637 (Ariz. 2004) is both correct and applicable to the case at bar. Enforcement of the Bank's rights under the Deed of Trust was stayed for years by the First Bankruptcy. As in *Mlynarczyk*, this Court recognized in its Ruling that the applicable Arizona statute of limitations was tolled day for day from the time of the filing of Debtor's First Bankruptcy, until the stay was lifted upon dismissal of that case.

---

[3] At oral argument, Debtor's counsel acknowledged Borrower does not claim an interest in the Property. Borrower filed a pro se personal chapter 12 bankruptcy in this District on December 11, 2017 at Case No. 2:17-bk-14594-BKM. Borrower's case has been reassigned to the undersigned.

Debtor raises additional arguments in citing the 1935 Arizona Supreme Court case of *Hyder v. Shamy,* 40 P.2d 974 (Ariz. 1935) for the proposition that "the filing of a bankruptcy does not toll the statute of limitations for bringing an action." Debtor also cites *Hyder* for the proposition that "it is well settled that the adjudication of bankruptcy will not stop the running of the statute of limitations." That, however, is not an accurate statement of current law. The *Hyder* court examined bankruptcy law at that time. No automatic stay existed under the Bankruptcy Act of 1898.[5] Rather, under the Act of 1898, "adjudication" meant the "date of the entry of a decree that the defendant, in a bankruptcy proceeding, is a bankrupt, or if such decree is appealed from, then the date when such decree is finally confirmed." Collier on Bankruptcy: *The Law and Practice in Bankruptcy under the National Bankruptcy Act of 1898* at 1 § 1 (2) (William Miller Collier, William H. Hotchkiss, & Matthew Bender, 4th ed. 1903). "Discharge" meant the "release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this Act." *Id.* at 1 § 1 (12). Under the Act, the bankruptcy court, on the application of the assignee, could enjoin the prosecution of a suit commenced without leave of that court. *Lloyd v. Ball*, 77 F. 365 (N.D. Cal. 1896).

Importantly, the *Hyder* case facts are also not analogous to this case. In *Hyder*, the debtor was discharged in bankruptcy in February 1927. A lawsuit in state court was commenced in June 1933, *more than six years after* the bankruptcy discharge. The Arizona Supreme Court found the six-year statute of limitations applied to bar that suit. No bankruptcy stay was implicated in the measurement of the Arizona statute of limitations in *Hyder*. Moreover, the *Hyder* case stated that a bankruptcy did not suspend the statute of limitations because it was referring to the Bankruptcy Act of 1898, which allowed creditors to bring actions against debtors even after they had filed for bankruptcy,

---

[5] Act July 1, 1898, 30 Stat. §1 (2) and (12).

unless a court or judge had specifically stayed their action.[6] The *Hyder* court mentioned that the debtor's bankruptcy filing was not at issue, but had it been, then perhaps the statute of limitations would have been tolled under different facts. *Id.* at 975. The *Hyder* Court supported its reasoning by citing to Corpus Juris of 1925. That treatise discusses tolling and states:

> When the commencement of an action is stayed by an order of a court or judge, the time of the continuance of the stay is not a part of the time limited for the commencement of the action. When by a legislative enactment parties are prevented from prosecuting their claims, the interval during which such prevention lasts is not to be counted as part of the time allowed by the statute of limitations.

37 C. J. 1043-45, §§ 451, 454, 455 (William Mack & Donald J. Kiser, 1925).

In short, the very source cited by *Hyder* in support of its conclusion that "[i]t is well settled that the adjudication of bankruptcy will not stay the running of the statute," also acknowledges that, if a court orders a stay or a legislature creates a stay, those stays <u>will</u> toll the applicable statute of limitations. 37 C.J. at 1044-45.

The automatic stay of § 362 of current Bankruptcy Code was enacted in 1978. The Bankruptcy Code provides that a voluntary bankruptcy stays (1) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and (2) "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 U.S.C. 362(a)(3), (5). Here, the Bank's lien on the Property could not be enforced while the bankruptcy stay remained in place from December 21, 2007 through the dismissal of the First Bankruptcy on December 4, 2014. The running of A.R.S. § 12-548 was, therefore, tolled for nearly seven years.

---

[6] "The Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544), unlike that of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), does not contain a provision restraining a creditor from pursuing his claim against a bankrupt debtor until the question of his discharge has been determined. The commencement of the bankruptcy proceeding does not, therefore, stop or toll the running of the statute of limitations." *Am. Woolen Co. of New York v. Samuelsohn*, 123 N.E. 154, 156 (N.Y. 1919).

D. **Legislative History Supports This Court's Ruling.**

The legislative history supporting §108(c) of the Code and § 11(f) of the Bankruptcy Act of 1938 indicate that these sections were intended to correct the situation where a creditor's claim is not discharged in bankruptcy but can no longer be sued on because the statute of limitations has run.[7] *In re Hunters Run Ltd. P'ship*, 70 B.R. 297, 299–300 (Bankr. W.D. Wash. 1987), *subsequently rev'd on other grounds*, 875 F.2d 1425 (9th Cir. 1989). The Senate Report articulated that "Congress did not intend to allow debtors to escape liability by the expiration of the statute of limitations while its assets are protected by the filing of a bankruptcy case." *In re Gurney*, 192 B.R. 529, 535 (B.A.P. 9th Cir. 1996) (citing S.Rep. No. 989, 95th Cong., 2nd Sess. 30–31 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5816–17).

E. **If There Was No Tolling, the Bank Nevertheless is Entitled to Retain All of the Foreclosure Sale Proceeds.**

If this Court were to find that the stay in the First Bankruptcy did not toll the statute of limitations because the signor on the Note was not in bankruptcy, only those Note payment amounts due *more than six years from default* would be barred by the applicable statute of limitations. The Borrower and/or Debtor defaulted on the Note in November 2006. Even under Debtor's theory, the Arizona statute of limitations would only bar payments due from November 2006 through six years prior to the December 11, 2017 private deed of trust sale, i.e. through December 11, 2011. This means that five years and one month (61 months) of payments under the Note would be barred. The Note (DE 33-1, pages 4 - 6 of 23) is in the principal amount of $1,190,000 and accrues interest

---

[7] Section § 108(c)'s predecessor, section 11(f) of the Chandler Act of 1938, provided that "any statute of limitations affecting the debts of the bankrupt * * * shall be suspended * * * from the date of the filing of the petition in bankruptcy". Congress significantly broadened the scope of this provision by enacting § 108(c) in 1978. *In re Morton*, 866 F.2d 561, 565 (2d Cir. 1989) (holding that creditor was not barred by the automatic stay from extending the term of its lien, but that § 108(c) applied anyway).

at the non-default rate of 7.75% per annum.  Interest-only payments of $7,685.41 were due for 120 months beginning August 1, 2006.  Thereafter, beginning August 1, 2016, principal and interest payments were to be paid under the Note in the amount of $9,769.28 per month.  Any unpaid amounts on the Note would be due in full on July 1, 2036 (defined in the Note, and herein, as the "Maturity Date").

Were this Court to adopt Debtor's view, the applicable Arizona statute of limitations would bar 61 months of interest-only payments of $7,685.41, i.e. $468,810.01.  However, that would still leave an unpaid and unbarred principal amount of $1,190,000 plus interest, from January 1, 2012 to December 1, 2017 at $7,685.41 per month (i.e. 72 months x $7,685.41 = $553,349.52) for a total amount of unpaid and unbarred principal and non-default interest of $1,743,349.52.  This amount does not include late charges, attorneys' fees, costs, or other amounts called for under the Note.

At oral argument, counsel for the Bank revealed that at its December 11, 2017 Deed of Trust sale, an unrelated third party purchased the Property for $639,000.  Since the Bank was owed at least $1,743,349.52 on December 11, 2017, and none of that amount was barred by Arizona's applicable statute of limitations, the Bank is entitled to retain the entire amount bid at the Bank's foreclosure sale.  This Court need not now determine whether the Bank holds deficiency claims against either the Debtor or the Borrower, nor need it determine the amount of any such deficiency claim, should any exist.[8]  Denial of the Motion for Reconsideration is appropriate because, even if Arizona's statute of limitations bars the Bank from collecting 61 months of interest-only payments, the Bank was still owed more than $1,000,000 over the successful foreclosure bid price it was paid in December 2017.

---

[8] Nevertheless, at the December 12, 2017 oral arguments, the Bank's counsel noted the Bank will not be asserting any further claims against Borrower or Debtor.  *See* audio transcript of December 12, 2017, at 3:18:31 – 3:19:01.

1   At oral argument, Debtor's counsel pointed to that portion of the Ruling stating that the April 17, 2007 notice of deed of trust sale accelerated the debt secured by the Property. In hindsight, this Court acknowledges the record does not support that finding. This Court has found nothing submitted by the parties which absolutely confirms an acceleration at any time of the obligations owed under the Note. Moreover, this Court has found nothing under Arizona's applicable statutes (A.R.S. § 33-101, et seq.) which require an acceleration of a debt as a precursor to commencement of a deed of trust sale. However, if this debt was accelerated by the holder of the Note, or if acceleration is required to commence a deed of trust sale, A.R.S. § 33-813(A) allows reinstatement of the obligation and requires cancellation of the deed of trust sale when the Note holder is paid amounts due on the Note "other than the portion of the principal as would not be due had no default occurred." In other words, this reinstatement right allows a trustor to deaccelerate an otherwise accelerated debt. For these reasons, the Court strikes from the Ruling the following sentence in paragraph 2, page 2: "The filing of the trustee's sale accelerated the debt."

## III. <u>CONCLUSION</u>

Debtor has failed to satisfy the requirements of Bankruptcy Rules 9023 or 9024. This alone stands as grounds to deny the Motion for Reconsideration. Even if Debtor did meet the requirements of Rules 9023 or 9024, the Motion for Reconsideration must be denied because *Hyder* does not stand for the proposition that Debtor suggests. Further, even if there was no tolling of the Arizona statute of limitations, only 61 months of payments due under the Note would be barred. The entire principal balance of $1,190,000, and over $550,000 of accrued interest were not barred by the six-year statute of limitations.

Case 2:17-bk-00993-DPC    Doc 71    Filed 02/07/18    Entered 02/07/18 15:34:24    Desc
Main Document    Page 9 of 10

Accordingly, Debtor's Motion for Reconsideration is hereby denied.

**DATED AND SIGNED ABOVE.**

COPY of the foregoing mailed by the BNC to:

Ronald J. Ellett
Ellett Law Offices, P.C.
2999 N. 44th St., Suite 330
Phoenix, AZ 85018

Blake D. Gunn
P.O. Box 22146
Mesa, AZ 85277-2146

Jamil S. Neil
Wright, Finlay & Zak, LLP
16427 N. Scottsdale Rd., Suite 300
Scottsdale, AZ 85254